**UNITED STATES of America,
Appellee,**

v.

**Jorge Andres STORNINI, Defendant,
Appellant.**

**No. 7785.**

United States Court of Appeals,
First Circuit.

June 8, 1971.

visual inspection of portions of appellant's body after he lowered his trousers, appellant's overcoat slipped from the chair behind him. Inspector Kopish, who was present while Brugueras conducted the search, grabbed the coat and felt a package inside the lining. The package turned out to contain cocaine.

At his jury-waived trial for knowingly importing cocaine in violation of 21 U.S.C. § 174, the contraband was introduced, the district court having ruled, after a hearing on appellant's motion to suppress, that the evidence was not obtained as a result of an illegal search and seizure. This determination was reaffirmed by Aldrich, C. J., sitting as district judge on appellant's motion for reconsideration. Appellant was convicted solely on the basis of this evidence and was sentenced to eight years imprisonment. The single issue raised by this appeal is whether the court erred in ruling the contraband admissible.

Gustavo A. Gelpi, Santurce, P. R., by appointment of the Court, on brief for appellant.

Will Wilson, Asst. Atty. Gen., and Sidney M. Glazer, Atty., Dept. of Justice, on brief for appellee.

Before McENTEE and COFFIN, Circuit Judges, and JULIAN, District Judge.*

COFFIN, Circuit Judge.

Appellant, a citizen of Argentina, arrived June 3, 1970, at John F. Kennedy Airport, Carolina, Puerto Rico, on a flight from Chile at about 10:30 p.m. After completing the routine customs inspection, where his baggage and overcoat were examined, appellant walked towards the exit where he was stopped by a customs inspector, one Brugueras, and requested to step into a nearby office for a "secondary search." During the course of this search, which included

Appellant contends that a "strip search" may not be initiated, even by a customs official at a frontier, without a "real suspicion", i.e., one "supported by objective, articulable facts." United States v. Guadalupe-Garza, 421 F.2d 876, 879 (9th Cir. 1970); United States v. Johnson, 425 F.2d 630 (9th Cir. 1970), cert. granted, 400 U.S. 990, 91 S. Ct. 451, 27 L.Ed.2d 437 (1971). Assuming, without deciding, the validity of this standard and that the search in this case was a "strip search," we agree with appellant that the standard was not met. Brugueras testified that he had no specific recollection why he chose to subject appellant to a spot check, other than his judgment based on his experience as a customs inspector. We nevertheless affirm.

 In this case, the contraband came to the inspector's attention when appellant's coat slipped to the floor.[1]

---

* Sitting by designation.

1. Appellant claims that one of the inspectors took the coat from the chair after appellant had begun to replace his belongings in his pockets. The fact that the chair was behind appellant renders this version suspect, as the district court apparently felt. Even under appellant's version, however, we would apply the analysis in the text, *infra.*

Had this event happened, without the attendant more intimate search, there would be no basis whatsoever for suppression. It is well settled that a customs officer may search an individual's baggage and outer clothing, in a reasonable manner, based on subjective suspicion alone, or even on a random basis. Landau v. United States Attorney, 82 F.2d 285 (2d Cir. 1936); Carroll v. United States, 267 U.S. 132, 154, 45 S. Ct. 280, 69 L.Ed. 543 (1925) (dictum). The arriving international traveler is on notice that such a search may be undertaken, and the search itself involves only the most minor affront to the individual's dignity. Note, Border Searches and the Fourth Amendment, 77 Yale L.J. 1007, 1015 (1968). The only problem then is the effect of the contemporaneous arguably illegal search of appellant's person. Unless we find that this search fouled the legitimate search activities carried out independently by a second customs official, appellant's appeal must fail.

 If the discovery of the cocaine was made "by exploitation" of the "primary illegality", the body search, the tainted contraband would be inadmissible. Wong Sun v. United States, 371 U. S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The testimony at the voir dire hearing, however, supports a contrary conclusion. Whatever might have impelled Inspector Kopish to search appellant's overcoat, there was no causal nexus between the body search and the simultaneous search of the overcoat. In a broad sense, of course, the contraband would not have been found "but for" the secondary search, but the Supreme Court has expressly ruled out such a test as a litmus in this area. Wong Sun, supra at 488, 83 S.Ct. 407. The unfortunate fortuity—as far as appellant is concerned—of the falling of the overcoat acts further to insulate the contraband from any taint of illegality. There is no indication that anything appellant said or did as a result of the body search, or anything that Brugueras found on his body, led Kopish to examine the coat. We conclude that the evidence was obtained "by means sufficiently distinguishable to be purged of the primary taint." Wong Sun, supra at 488, 83 S. Ct. at 417. The court properly ruled that the contraband was admissible and appellant's conviction must stand.

Affirmed.